Travis W. Koch #7-5418
Koch Law, P.C.
121 W. Carlson St, Suite 3
Cheyenne, Wyoming 82009
307-426-5010
tkoch@kochlawpc.com
*Attorney for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING
CHEYENNE DIVISION**

| | |
|---|---|
| AXTRA, LLC, and THE AXIA-AXTRA TRUST, ) ) ) Plaintiffs, ) ) v. ) ) AXIA ISSUER, INC., AXIA FOUNDATION INC., and BERKOWER, LLC ) ) ) ) ) Defendants. | Civil Action No. 1:22-CV-00144 |

**PLAINTIFFS' OPPOSED MOTION FOR LEAVE TO CONDUCT JURISDICTIONAL AND VENUE DISCOVERY**

Plaintiffs Axtra, LLC ("Axtra") and The AXIA-Axtra Trust ("Axtra Trust") file this opposed motion requesting the Court for leave to conduct jurisdictional and venue discovery pursuant to Rule 26 and the decisional authorities from the Tenth Circuit.

### I.   SUMMARY

In their second motion to dismiss ("Motion", Dkts. 41 and 42), Defendants AXIA Issuer, Inc., and AXIA Foundation, Inc. (collectively, "AXIA"), argue that neither this Court nor, presumably, any other court in the United States has jurisdiction and provides a proper venue over

this dispute. In support of this assertion, AXIA argues that other than contracting with Wyoming, plaintiff Axtra, AXIA has no other ties to Wyoming or the United States.

AXIA apparently considers it insignificant to the jurisdiction and venue issues that AXIA pursued and then contracted with Wyoming L.L.C. Axtra, and that Axtra then , contributed over $2.8 billion of its assets to the project, or that Axtra was the single largest asset contributor to AXIA, or that after securing Axtra's assets AXIA marketed its AXIA Coin to the whole world as being backed by Axtra's and others' assets, thereby attracting many millions of dollars in investments.

Further, AXIA's Motion fails to address or even mention the new RICO, securities and fraud claims asserted by Axtra in its First Amended Complaint ("FAC") (Dkt. No. 35), and the unique jurisdictional analyses that accompany those claims. Jurisdiction and venue for RICO claims, for example, are controlled by 18 U.S.C. §1965, which provides for nationwide jurisdiction and service of process.[1] *See, e.g., Cory v. Aztec Steel Bldg., Inc.*, 468 F.3d 1226, 1229 (10th Cir.

---

[1] 18 U.S.C. § 1965 reads (bolding added):
    **(a) Any civil action or proceeding under this chapter** [18 USCS §§ 1961 et seq.] **against any person may be instituted in the district court of the United States for any district in which such person resides, is found, has an agent, or transacts his affairs**.
    **(b)** In any action under section 1964 of this chapter [18 USCS § 1964] **in any district court of the United States in which it is shown that the ends of justice require that other parties residing in any other district be brought before the court, the court may cause such parties to be summoned, and process for that purpose may be served in any judicial district of the United States by the marshal thereof**.
    **(c)** In any civil or criminal action or proceeding instituted by the United States under this chapter [18 USCS §§ 1961 et seq.] in the district court of the United States for any judicial district, subpoenas issued by such court to compel the attendance of witnesses may be served in any other judicial district, except that in any civil action or proceeding no such subpoena shall be issued for service upon any individual who resides in another district at a place more than one hundred miles from the place at which such court is held without approval given by a judge of such court upon a showing of good cause.

2006) (holding 18 U.S.C. §1965 provides for nationwide service of process in RICO actions)("[w]here Congress has statutorily authorized nationwide service of process, such service establishes personal jurisdiction, provided that the federal court's exercise of jurisdiction comports with Fifth Amendment due process")[2]; *see also Compania De Inversionies Mercantiles, S.A. v. Grupo Cementos de Chihuahua S.A.B. de C.V.*, 970 F.3d 1269, 1281-84 (10th Cir. 2020), in which the 10th Circuit held that to show general or specific jurisdiction in a federal claim, Fed. R. Civ. P. 4(k)(2) also "allows courts to examine a **defendant's contacts with the United States as a whole**, as opposed to contacts with a particular state," and sided with "[e]very other circuit court to consider the issue" in "plac[ing] the **initial burden on the defendant** to identify a state in which the lawsuit could proceed" to avoid Rule 4(k)(2) applying to permit aggregation of a foreign defendant's nationwide contacts to establish jurisdiction).[3]

---

**(d) All other process in any action or proceeding under this chapter** [18 USCS §§ 1961 et seq.] **may be served on any person in any judicial district in which such person resides, is found, has an agent, or transacts his affairs**.

18 U.S.C.S. § 1965.

[3] Fed. R. Civ. P. 4(k) reads (bolding added):
(k) Territorial Limits of Effective Service.
**(1)** *In General.* Serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant:
**(A)** who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located;
**(B)** who is a party joined under Rule 14 or 19 and is served within a judicial district of the United States and not more than 100 miles from where the summons was issued; or
**(C)** when authorized by a federal statute.
**(2)** *Federal Claim Outside State-Court Jurisdiction.* **For a claim that arises under federal law, serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant if:**

AXIA offers no argument as to why this Court does not have jurisdiction over, or is not a proper venue for, Axtra's RICO claims and the statutory basis for personal jurisdiction those claims provide. Nor does AXIA satisfy its alternative Fed. R. Civ. P. 4(k)(2) "burden…to identify a state in which the lawsuit could proceed"[4] The jurisdictional discovery requested here is thus ultimately in best interest of both parties' and the court.

AXIA's motion also fails to mention to the Court what Axtra only recently learned; namely, that AXIA created AXIA Capital Ltd., and used an address just 100 miles south of this Court –in the 10th Circuit – in Greenwood Village, Colorado,[5] and an account with a financial institution known as the Reserve Trust[6] to receive hundreds of thousands of dollars (and millions of dollars on information and belief) from U.S. investors. AXIA Capital Ltd. and The Reserve Trust no doubt are in possession of records of the financial transactions underlying the defendants' RICO enterprise. AXIA Capital Ltd., appears to have been an integral part of the defendants' RICO enterprise and is likely a necessary defendant.

---

**(A) the defendant is not subject to jurisdiction in any state's courts of general jurisdiction; and**
**(B) exercising jurisdiction is consistent with the United States Constitution and laws.**

Fed. R. Civ. P. 4(k).
[4] *Compania De Inversionies Mercantiles, S.A. v. Grupo Cementos de Chihuahua S.A.B. de C.V.*, 970 F.3d at 1283.
[5] *See* the Declaration of Christopher Faucett in support of Plaintiffs' Response to Defendants' Motion to Dismiss [Dkt. No. 42] attached here as **Exhibit 1** – attaching copies of multiple wire transfer confirmations for the benefit of AXIA Capital Ltd. with its address at: 5600 Quebec St., Ste. 205D, Greenwood Village, Colorado. Plaintiffs' separately filed motion for leave to propound jurisdictional discovery is aimed in part at uncovering additional information about these entities and transactions.
[6] web.archiveorg/web/20220315155633/https://www.reservetrust.com/ - "**Reserve Trust** partners with companies that need to embed domestic and cross-border payments, bypassing traditional banks and offering direct access to key high value payment rails."

Defendants, moreover, in their most recent motion to dismiss (Dkt. No. 41-42), identify for the first time what they describe as the "sole director" of defendant AXIA Issuer to be an entity they name as AXIA Network Foundation ("ANF"), which they contradict themselves by saying in the motion is "domiciled" in the Cayman Islands but in the motion's supporting declaration claim is "domiciled" in Nevis.

The full extent of defendants' RICO enterprise remains unknown given defendants' shifting accounts, and as defendants have withheld that information from plaintiffs and this Court. For this reason, in the event this Court is inclined in any way to grant AXIA's Motion, plaintiffs request leave to first conduct discovery on the jurisdictional and venue issues that were raised by defendants in their Motion.

## II. MOTION FOR LEAVE TO CONDUCT JURISDICTIONAL AND VENUE DISCOVERY.

In response to plaintiffs' First Amended Complaint (plaintiffs' "FAC", Dkt. 35) defendants once again filed a motion to dismiss on jurisdictional and venue grounds (defendants' "Motion"). Defendants continue to argue that they are entities formed and operated in the Caribbean with little to no connections to the United States and this judicial district. Defendants claim their contacts with this judicial district, and indeed with the United States as a whole, are insufficient to confer jurisdiction and venue on this or any other court in the United States. However, when viewing the materials presented in plaintiffs' FAC in a light most favorable to plaintiffs, as well as additional evidence Plaintiffs recently learned discussed below that Defendants' motion tellingly does not mention, there is enough evidence to support the conclusion that the jurisdictional and venue issues raised by defendants do not warrant dismissal of this lawsuit. In light of this, defendants' Motion should be denied.

In addition, and more importantly, since filing their FAC plaintiffs have learned that an essential part of defendants' RICO enterprise was the formation of an entity known as AXIA Capital Ltd. through which defendants received, on information and belief, millions of dollars raised from investors in at least the United States. AXIA Capital Ltd. is located approximately 100 miles south of this courthouse at 5600 S. Quebec St., Suite 205D, Greenwood Village, Colorado (just outside of Denver), within this Federal Circuit. Defendants apparently funneled at least hundreds of thousands of dollars (and millions of dollars on information and belief) it received through its RICO enterprise through AXIA Capital Ltd.

The jurisdictional and venue discovery in this matter would specifically include, but not be limited to, discovery on the defendants' (and their related entities' and/or alleged co-conspirators') course of dealings with plaintiffs and other United States citizens, including those located in Wyoming, as well as their business and contacts within the United States, to include:

1. Interrogatories and requests for production of documents related to the Defendants' and their related entities' course of dealings with Plaintiffs and other United States citizens, including those located in Wyoming, and their business and contacts with the United States, including Wyoming;[7]

2. Depositions of the Defendants' corporate representatives, limited in scope to jurisdictional issues, and considering the information gleaned from their Motion to Dismiss and their answers to interrogatories and responses to requests for production, if necessary;

3. Other discovery allowed under the federal rules of civil procedure related to the improper venue and jurisdictional issues raised by Defendants in their motion to dismiss.

When a defendant moves to dismiss for lack of jurisdiction, either party should be allowed discovery on the factual issues raised by that motion. *Sizova v. Nat. Inst. of Standards & Tech.*, 282 F.3d 1320, 1326 (10th Cir. 2002). The district courts have broad discretion regarding

---

[7] Plaintiffs' proposed Jurisdictional Discovery to Defendants: Interrogatories and Requests for Production of Documents is attached hereto as **Exhibit 2**.

discovery, including whether to grant discovery requests with respect to jurisdictional issues. *Id.*; *see also Budde v. Ling-Temco-Vought, Inc.*, 511 F.2d 1033, 1035 (10th Cir. 1975); *Health Grades, Inc. v. Decatur Mem'l Hosp.*, 190 F. App'x 586, 589 (10th Cir. 2006) (unpublished). A court abuses its discretion by denying a jurisdictional discovery request and the party seeking discovery is prejudiced when "the pertinent jurisdictional facts are controverted or a more satisfactory showing of the facts is necessary." *Sizova*, 282 F.3d at 1326 (quoting *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430 n.24 (9th Cir. 1977)); see also *Dutcher v. Matheson*, 840 F.3d 1183, 1195 (10th Cir. 2016).

The party seeking jurisdictional discovery bears the burden of showing prejudice. *Breakthrough Mgmt. Grp., Inc. v. Chukchansi Gold Casino and Resort*, 629 F.3d 1173, 1189 n.11 (10th Cir. 2010). Here, plaintiffs have satisfied that burden. It would be prejudicial to dismiss this matter without allowing plaintiffs to conduct jurisdictional and venue discovery on the issues specified herein. As set forth throughout this brief, and as shown through plaintiffs' allegations in its FAC and the documentary evidence, there are factual questions bearing on the jurisdictional and venue issues raised by defendants' Motion. Defendants' Motion also discloses new entities and relationships and makes jurisdictional claims that not only indicate the Motion should be denied but that at the very least highlight the need for jurisdictional discovery to test these claims.

The jurisdictional discovery plaintiffs request also should be granted in that, to the extent the Court deems it necessary to consider information outside the pleadings to properly evaluate the parties' briefing on Defendants' pending Rule 12 motion to dismiss (which seems possible in light of the recently obtained information discussed above and unique jurisdictional considerations related to plaintiffs' new RICO causes of action and Fed. R. Civ. P. 4), Rule 12(d) converts the motion to one for summary judgment under Rule 56.

And Rule 56, in turn, too, similarly contemplates the Court granting the nonmovant (Plaintiffs) additional time to respond to the motion to "obtain affidavits or declarations or to take discovery," as well as "issu[ing] any other appropriate order." Fed. R. Civ. P. 56(d).

To grant defendants' Motion and deny plaintiffs' alternative request for jurisdictional discovery, especially in light of the recently discovered Colorado entity AXIA Capital Ltd., would set the dangerous precedent of not only encouraging defendants to create byzantine webs of interlocking corporate shells in various countries to defeat proper jurisdiction in the first place, but also incentivize defendants to make colorful, anti-jurisdictional claims about entities and relationships in a motion to dismiss that are shielded from any verification or scrutiny. In light of these facts, plaintiffs respectfully request that the Court temporarily suspend consideration of Defendants' pending motion to dismiss and grant plaintiffs leave to conduct the proposed jurisdictional and venue discovery, attached here as Exhibit 2.

### III.     CONCLUSION.

As to be further discussed in plaintiffs' response to Defendants' pending motion to dismiss, that motion should be denied in light of the newly disclosed information in defendants' Motion and the allegations, federal causes of action, and new defendants detailed in plaintiffs' FAC. However, in light of Defendants' continuing cryptic references to their various entities and operations, the recently discovered Colorado entity AXIA Capital Ltd., and its involvement in the RICO enterprise, as well as given the unique national jurisdictional considerations raised by their RICO claims and Rule 4(k), plaintiffs respectfully ask the Court to: (1) suspend consideration of Defendants' pending motion to dismiss (Dkt. No. 41-42), (2) grant plaintiffs leave to conduct jurisdictional and venue discovery by propounding the proposed set of discovery requests attached here as Exhibit 2 to fully identify the names, locations, and relationships of the various defendant

entities and entity representatives, and their Wyoming and aggregate U.S. contacts, including AXIA Capital Ltd., and conduct depositions of the Defendants' corporate representatives, limited in scope to jurisdictional issues, and considering the information gleaned from their Motion to Dismiss and their answers to interrogatories and responses to requests for production, if necessary; and (3) grant plaintiffs a deadline to supplement their response to the defendants' pending motion to dismiss (Dkt. No. 41-42) until 14 days after defendants' response to plaintiffs' discovery requests and depositions are completed, and defendants' deadline to reply to that response until 14 days after plaintiffs' response is filed.

Respectfully submitted June 5, 2023,

By: */s Travis W. Koch*
    Travis W. Koch #7-5418
    Koch Law, P.C.
    121 W. Carlson St, Suite 3
    Cheyenne, Wyoming 82009
    307-426-5010
    tkoch@kochlawpc.com
    *Attorney for Plaintiffs*

    Emil Thomas Bayko
    Texas Bar No. 01864500
    tbayko@bpfalawfirm.com

    Christopher M. Faucett
    Texas Bar No. 00795198
    cfaucett@bpfalawfirm.com

    Matthew John Prebeg
    Texas Bar No. 00791465
    mprebeg@bpfalawfirm.com

    Stephen W. Abbott
    Texas Bar No. 00795933
    sabbott@bpfalawfirm.com

    **BAYKO, PREBEG, FAUCETT & ABBOTT PLLC**
    8441 Gulf Freeway, Suite 307
    Houston, Texas 77017
    Tel: (832) 742-9263

Fax: (832) 742-9261
*Pro Hac Vice*

Thomas C. Goldstein
Eric F. Citron
**GOLDSTEIN & RUSSELL, P.C.**
7475 Wisconsin Avenue
Suite 850
Bethesda, MD 20814
Telephone: (202) 362-0636
Facsimile: (888) 574-2033
*Pro Hac Vice*

**COUNSEL FOR PLAINTIFFS**

**CERTIFICATE OF CONFERENCE**

The undersigned confirms that plaintiffs' counsel conferred with counsel for Defendants by email to inquire whether they opposed plaintiffs' foregoing request for leave to conduct jurisdictional discovery, and defendants' counsel responded on today's date that defendants do oppose.

*/s/ Travis Koch*
Travis Koch

**CERTIFICATE OF SERVICE**

The undersigned certifies the foregoing document is being served on all counsel of record on June 5, 2023, by filing the same via the Court's CM/ECF Service.

/s/*Brent Caldwell*
Brent Caldwell