# EXHIBIT 2

Travis W. Koch #7-5418
Koch Law, P.C.
121 W. Carlson St, Suite 3
Cheyenne, Wyoming 82009
307-426-5010
tkoch@kochlawpc.com
*Attorney for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF WYOMING**
**CHEYENNE DIVISION**

| | | |
|---|---|---|
| AXTRA, LLC, and THE AXIA-AXTRA TRUST, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:22-CV-00144 |
| | ) | |
| AXIA ISSUER, INC., AXIA FOUNDATION INC., and BERKOWER, LLC | ) | |
| | ) | |
| Defendants. | ) | |

---

**[PROPOSED] PLAINTIFFS' JURISDICTIONAL DISCOVERY TO DEFENDANTS:**
**INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS**

---

Plaintiffs Axtra, LLC and The AXIA-Axtra Trust ("Plaintiffs"), through counsel and pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure ("Rules"), request that Defendants AXIA Issuer, Inc. ("AXIA Issuer") and The AXIA Foundation (the "Foundation" and together with AXIA Issuer, the "AXIA Defendants") answer each of the following interrogatories and produce the documents and things requested in the following requests within thirty (30) days.

This discovery shall be deemed to be continuing so as to require the supplementation of responses.

## DEFINITIONS

For the purpose of these interrogatories and requests for production, the following terms shall have the meaning set forth below:

1.      "Advisors" means those individuals or entities who have served or are currently serving in the capacity of, what you have characterized as an "advisor," and identified on Your Website (as those terms are defined below) at https://AXIA.global/globalcontributors after selecting the tab "advisors."

2.      "AXIA Coin" or "AXC" means all versions of the digital currency developed, launched, advertised, marketed, sold, and/or transmitted by You or a Related Entity (terms which are defined below) that utilized some form of blockchain technology, including all versions of the technology, inclusive of AXC V1 the ERC 20 Token and all predecessor and successor versions of the digital currency, regardless of whether it is characterized by You or a Related Entity (terms which are defined below) as a "token" or a "coin."

3.      "AXC Options" means those options described in the agreements You or a Related Entity (terms which are defined below) entered into with the Founders (as defined below).

4.      "AXIA Project" means all phases of the project to develop AXC by You or a Related Entity (terms which are defined below).

5.      "Communication(s)" means every disclosure, transfer or exchange of information, in whatever form, by whatever means, including but not limited to, oral, written, face-to-face, telephone, facsimile, electronic mail, text, or other electronic means, postal mail, personal delivery, or otherwise.

**PLAINTIFFS' JURISDICITONAL DISCOVERY**                              **PAGE - 2**

6.      "Document(s)" has the broadest meaning accorded to it by Rule 34 of the Federal Rules of Civil Procedure, and further includes but is not limited to the definitions set forth in Rule 1002 of the Federal Rules of Evidence and specifically includes all computer files and electronically-recorded documents.

7.      "Founders" means the individuals or entities who contributed assets to You or a Related Entity (terms which are defined below) prior to the public launch of AXC, including Axtra, LLC and/or The AXIA-Axtra Trust and those individuals or entities whose assets were audited and described in the AXIA Foundation Schedule of Investments and Independent Accountant's Report dated November 30, 2020, prepared by Berkower LLC (the "Berkower Report").

8.      "Global Contributors" means those individuals or entities who have served or are currently serving in the capacity of, what you have characterized as a "global contributor," and identified on Your Website (as those terms are defined below) at https://AXIA.global/globalcontributors after selecting the tab "global contributors."

9.      "Identify," with respect to any "Person" (as defined below) means to provide identification information sufficient to properly notice a deposition of such person and to properly serve such person with process to require his or her attendance at a place of examination and shall include, the person's full name, present or last known address and telephone number(s), and, when referring to a natural person, the present or last known place of employment.

10.     "Identify" with respect to Documents (as defined below) means to state the: (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s), and recipient(s) or, alternatively, to produce the document.

**PLAINTIFFS' JURISDICITONAL DISCOVERY**                          **PAGE - 3**

11.     "Person" means the plural as well as the singular, and includes natural persons, corporations, proprietorships, limited liability companies, corporations, companies, joint ventures, trusts or estates, governments, governmental agencies, partnerships, groups, firms, associations, and/or other legal, commercial or governmental organizations or entities of any description or type.

12.     "Project Partners" means those individuals or entities who have served or are currently serving in the capacity of, what you have characterized as a "project partner," and identified on Your Website (as those terms are defined below) at https://AXIA.global/globalcontributors after selecting the tab "partners."

13.     "Plaintiffs" means Axtra, LLC and The AXIA-Axtra Trust.

14.     "Related Entity" means any business, corporation, partnership, limited liability company, joint venture, or any other entity, foreign or domestic, that shares a common purpose with You in connection with the AXIA Project and some common membership, ownership or control, whether directly or indirectly, including, but not limited to, Your direct or indirect parent(s), subsidiaries, joint ventures, partnerships, affiliated companies, or any entity otherwise affiliated with or related to You, as well all divisions, predecessors, successors and assigns of each of the foregoing, inclusive of all officers, directors, employees, agents, consultants, attorneys, and all other persons acting or purporting to act on behalf of or under the control of each of the foregoing, including but not limited to, the Nevis and Cayman Islands-domiciled entities referenced in your Motion to Dismiss (Dkt. 42) and Nick Agar's declaration in support (Dkt. 42-1), and AXIA Capital Ltd. (including but not limited to the AXIA Capital Ltd. entity that received wire transfers as reflected in Exhibit 1 through The Reserve Trust with an address of 5600 S.

Quebec St., Suite 205D, Greenwood Village, Colorado, and AXIA Capital Ltd. with an address of 24 St. Georges St., Port Louis, Republic of Mauritius), and those entities identified in your response to Interrogatory No. 1."

15.     "Related to" or "Referring to" means containing, constituting, considering, comprising, concerning, discussing, regarding, describing, reflecting, studying, commenting or reporting on, mentioning, analyzing, or referring, alluding, or pertaining to, in whole or in part, or in any way relevant within the meaning of Rule 26 of the Federal Rules of Civil Procedure.

16.     "Website" means all versions of Your website, inclusive of its current web address located at https://AXIA.global/ and its former web addresses located at http://AXIAcoin.com/ and http://AXIAcoin.org/.

17.     "You," "Your," or "AXIA Defendants" refers to AXIA Issuer, Inc. ("AXIA Issuer") and AXIA Foundation, Inc. (the "Foundation").

18.     The use of the singular form of any word includes the plural and vice-versa.

19.     The words "and" and "or" shall be construed conjunctively or disjunctively as is necessary to make the request inclusive rather than exclusive.

## INSTRUCTIONS FOR INTERROGATORIES

1.      Each interrogatory shall be answered separately and fully in writing, under oath, unless it is objected to, in which event the reasons for the objection and answer to the extent the interrogatory is not objectionable.

2.      Where knowledge or information in your possession is requested, said request includes knowledge of your agents, representatives and, unless privileged, your attorneys.

3.      Whenever an interrogatory requests the identity of an individual or person, state, to the extent known: his or her full name; present or last known home address and phone number; present or last known business address and phone number; present or last known title or occupation; present or last know business address and phone number; present or last known employer; and if employed by you at any time, the period of time so employed, and the areas of responsibility during such times.

4.      Whenever an interrogatory requests the identity of a company, corporation, or other business entity, state, to the extent known: the full name; the address of the principal business; the state of incorporation; the location of divisions, branches or office which are connected with or handled the matters referred to in the interrogatory; and the identity of the person acting or purporting to act on behalf of the business entity in connection with the matters referred in the interrogatory.

5.      Whenever an interrogatory refers to or seeks a description of an act, transaction, occurrence, dealing or instance, state to the extent known: the date, including year, month, and day when it occurred; the place where it occurred; the identity of each person participating therein; on

**PLAINTIFFS' JURISDICITONAL DISCOVERY**                    **PAGE - 6**

whose behalf each such person participated or purported to participate; the nature, subject matter, and surrounding circumstances; the nature and substance of all conversations or all communications occurring during, or in connection therewith; and identify all documents relating thereto.

7.     These interrogatories shall be deemed continuing in nature, and Defendant shall be obligated to change, supplement and amend its answer thereto as prescribed in Rule 26(e) of the Rules.

8.     To the extent you rely on Rule 33(d) of the Rules in responding to any of the following interrogatories, state why the burden of deriving or ascertaining the answer will be substantially the same for both parties and specify the responsive records, including electronically stored information, by document identification number and produce such records simultaneously with your interrogatory responses.

**PLAINTIFFS' JURISDICITONAL DISCOVERY**                                    **PAGE - 7**

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify all of Your "Related Entities" (as defined above), including, but not limited to, the Nevis entity referenced in your Motion to Dismiss (Dkt. 42), and AXIA Capital Ltd. that is referenced as the "Beneficiary" with an address of 5600 S. Quebec St., Suite 205D, Greenwood Village, Colorado, in wire transfer confirmations attached as Exhibit 1, and AXIA Capital Ltd. with an address of 24 St. Georges St., Port Louis, Republic of Mauritius.

**ANSWER:**


**INTERROGATORY NO. 2:**

For You and any Related Entity, identify:  the name, place of incorporation, principal place of business, nature of each entity's business function(s) in relation to each other, and nature of the business relationship (*e.g.*, "parent," "wholly-owned subsidiary," "indirect subsidiary," "joint venture," "affiliate" or similar terms) to You.

**ANSWER:**


**INTERROGATORY NO. 3:**

For You, and any current or past Related Entity, identify all employees, agents and independent contractors residing and/or doing business in the United States, and/or with job responsibilities in the United States, and/or job responsibilities concerning individuals or businesses within United States, including identifying each and every such person's dates of

**PLAINTIFFS' JURISDICITONAL DISCOVERY**                    **PAGE - 8**

service in the United States, each's location in the United States during the time of their services for You, and each's job responsibilities for You during each and every such period in the United States.

**ANSWER:**

**INTERROGATORY NO. 4:**

Identify all of the current and past Global Contributors, their job titles, and their responsibilities for You or any Related Entity in connection with the AXIA Project.

**ANSWER:**

**INTERROGATORY NO. 5:**

Identify all of the current and past Advisors, their advisory roles, and their contributions to You or any Related Entity in connection with the AXIA Project.

**ANSWER:**

**INTERROGATORY NO. 6:**

Identify all of the current and past Project Partners and their role with You or any Related Entity in connection with the AXIA Project.

**ANSWER:**

**INTERROGATORY NO. 7:**

Identify all of the Founders, and for each Founder describe:

      (a)     the amount of AXC they were issued by You or a Related Entity,

      (b)     the number of AXC Options they received,

      (c)     the number of AXC they currently own, and

      (d)     the number of AXC Options they are currently entitled to exercise.

**ANSWER:**


**INTERROGATORY NO. 8:**

Identify all individuals or entities residing in the United States who You or a Related Entity have entered into an agreement and/or contract with that is any way related to the AXIA Project, including but not limited to all banking and financial institutions, all accountants and auditors, all investors, and all individuals and entities that provided services to You or a Related Entity that was in any way related to the AXIA Project.

**ANSWER:**


**INTERROGATORY NO: 9**:

Identify every time that You or a Related Entity have been physically present in United States in connection with the AXIA Project, including the name of the individual(s) physically present in United States and the date(s) of that physical presence, and specify the purpose of each instance for which You or a Related Entity were physically present in the United States.

**ANSWER:**


**PLAINTIFFS' JURISDICITONAL DISCOVERY**                  **PAGE - 10**

**INTERROGATORY NO. 10:**

Identify all real property presently or formerly owned by You or a Related Entity, collectively or individually, within the United States.

**ANSWER:**

**INTERROGATORY NO. 11:**

Identify all assets presently or formerly owned, possessed or controlled by You or a Related Entity, collectively or individually, within the United States.

**ANSWER:**

**INTERROGATORY NO. 12:**

Identify each individual or entity located in the United States that acquired AXC and/or options to acquire AXC from You or any Related Entity, and for each individual or entity identified, specify the quantity of AXC that was acquired and the person or entity receiving the AXC if different than the purchaser.

**INTERROGATORY NO. 13:**

Identify all of Your customers and/or members and the customers and/or members of Related Entities, including the customers, members, depositors of and/or Persons who paid money to AXIA Capital Bank, AXIA Capital Ltd. (5600 S. Quebec St., Suite 205D, Greenwood Village,

Colorado) and AXIA Capital Ltd. (24 St. Georges St., Port Louis, Republic of Mauritius), who reside in the United States, including identifying the state(s) of residence of each and every such Person.

**ANSWER:**


**INTERROGATORY NO. 14:**

Identify any and all print and digital advertisements during the past five years which promote or otherwise reference AXIA Coin or the AXIA Project in any online or digital forum, magazine, newspaper, newsletter, journal, circular, or other digital publication, periodical, or printed publication, and any criteria used to determine the placement or audience of any digital advertisements.

**ANSWER:**


**INTERROGATORY NO. 15:**

Identify all Persons residing in the United States who have requested information from You or a Related Entity through Your Website or a Related Entity's website within the past five years.

**ANSWER:**


**INTERROGATORY NO. 16:**

Identify all Persons residing in the United States who have acquired AXC from You or a Related Entity through Your Website or the Related Entity's website.


**PLAINTIFFS' JURISDICITONAL DISCOVERY**                    **PAGE - 12**

**ANSWER:**

**INTERROGATORY NO. 17:**

Identify each Person having a domicile, residency, or principal place of business in Wyoming that held or currently holds an AXC account with AXIA Capital Bank.

**ANSWER:**

**INTERROGATORY NO. 18:**

Identify each Person having a domicile, residency, or principal place of business in Wyoming that purchased AXC.

**ANSWER:**

**INTERROGATORY NO. 19:**

Identify all financial services companies and banking institutions within the United States which You have a relationship with, including all financial services companies and banking institutions within the United States from which You have received money and other things of value, and through which You have sent money or other things of value.

**ANSWER:**

**INTERROGATORY NO. 20:**

Identify any and all written agreements you have entered into with any person or entity having a residency or domicile in Wyoming.

**ANSWER:**


**INTERROGATORY NO. 21:**

Describe in detail what information you received from AXIA Capital Bank, concerning the residency of any member of Axtra LLC, including how you obtained the passport information and residency information for any Axtra LLC member.

**ANSWER:**

## INSTRUCTIONS FOR REQUESTS FOR PRODUCTION OF DOCUMENTS

1.      If, in answering any request, You claim any ambiguity or vagueness either in the request itself or in an applicable definition or instruction, identify in Your response the particular language that You consider ambiguous or vague and state the interpretation used by You to respond.

2.      If any information called for by a request is withheld on any ground, including privilege, please provide the information required by Rule 26(b)(5) of the Federal Rules of Civil Procedure.

## REQUESTS

**REQUEST NO. 1:**

Documents that You or a Related Entity relied upon or referenced in answering the interrogatories or that otherwise relate to or support the substance of Your response to any interrogatory.

**RESPONSE:**

**REQUEST NO. 2:**

The corporate records for You and any Related Entity, including but not limited to, articles of organization, articles of incorporation, bylaws, member agreements, and any communications or documents reflecting, relating to, regarding, or arising out of any business associated with AXIA Coin or the AXIA Project, including but not limited to the corporation domiciled in Nevis that is referenced by Nick Agar in his Declaration (Dkt. 42-1) in support of Defendants' Motion to

**PLAINTIFFS' JURISDICITONAL DISCOVERY**                              **PAGE - 15**

Dismiss Plaintiffs' Amended Complaint (Dkt. 42), AXIA Capital Ltd. that is referenced as the "Beneficiary" with an address of 5600 S. Quebec St., Suite 205D, Greenwood Village, Colorado, in wire transfer confirmations attached as Exhibit 1, and AXIA Capital Ltd. with an address of 24 St. Georges St., Port Louis, Republic of Mauritius.

**RESPONSE:**


**REQUEST NO. 3:**

Documents sufficient to identify the board of directors, members, managers, each corporate officer and the organizational structure of You and any Related Entity, including but not limited to the corporation domiciled in Nevis that is referenced by Nick Agar in his Declaration (Dkt. 42-1) in support of Defendants' Motion to Dismiss Plaintiffs' Amended Complaint (Dkt. 42), AXIA Capital Ltd. that is referenced as the "Beneficiary" with an address of 5600 S. Quebec St., Suite 205D, Greenwood Village, Colorado, in wire transfer confirmations attached as Exhibit 1, and AXIA Capital Ltd. with an address of 24 St. Georges St., Port Louis, Republic of Mauritius.

**RESPONSE:**


**REQUEST NO. 4:**

Documents sufficient to show Your ownership interest in, common ownership or control, or affiliation with any Related Entity, including but not limited to the corporation domiciled in Nevis that is referenced by Nick Agar in his Declaration (Dkt. 42-1) in support of Defendants' Motion to Dismiss Plaintiffs' Amended Complaint (Dkt. 42), AXIA Capital Ltd. that is referenced

as the "Beneficiary" with an address of 5600 S. Quebec St., Suite 205D, Greenwood Village, Colorado, in wire transfer confirmations attached as Exhibit 1, and AXIA Capital Ltd. with an address of 24 St. Georges St., Port Louis, Republic of Mauritius.

**RESPONSE:**


**REQUEST NO. 5:**

Documents sufficient to show any Related Entity's ownership interest in, common ownership or control, or affiliation with You, including but not limited to the corporation domiciled in Nevis that is referenced by Nick Agar in his Declaration (Dkt. 42-1) in support of Defendants' Motion to Dismiss Plaintiffs' Amended Complaint (Dkt. 42), AXIA Capital Ltd. that is referenced as the "Beneficiary" with an address of 5600 S. Quebec St., Suite 205D, Greenwood Village, Colorado, in wire transfer confirmations attached as Exhibit 1, and AXIA Capital Ltd. with an address of 24 St. Georges St., Port Louis, Republic of Mauritius.

**RESPONSE:**


**REQUEST NO. 6:**

Documents sufficient to show any employee of Yours who at any time was also an employee of any Related Entity to the extent such employee: (i) was an officer, director or member of any Related Entity, or (ii) had job responsibilities related to the AXIA Project.

**RESPONSE:**


**PLAINTIFFS' JURISDICITONAL DISCOVERY**                    **PAGE - 17**

**REQUEST NO. 7:**

Documents sufficient to show any agreements or contracts entered into by You or any Related Entity related to AXIA Coin or the AXIA Project, including the agreements or contracts themselves, with any individual or entity who is a citizen of the United States.

**RESPONSE:**

**REQUEST NO. 8:**

Documents sufficient to show the quantity and volume of AXC acquired from You or any Related Entity by any individual or entity residing in the United States, as well as the identity and physical address of the individual or entity acquiring the AXC from You or any Related Entity.

**RESPONSE:**

**REQUEST NO. 9:**

Documents and communications concerning any discussion, negotiation, inquiry, offer, or communication concerning the actual or potential marketing, advertising, pricing, sale, distribution, or payment related to AXC or the AXIA Project to, or by, any person located within the United States.

**RESPONSE:**

**REQUEST NO. 10:**

Documents and Communications concerning any obligation, decision, action, or effort—whether by You or any Related Entity—to address, consider, or comply with any applicable laws or regulations of the United States, inclusive of any state and federal laws or regulations related to, among other things, the purchase and sale of securities, digital currencies, cryptocurrencies.

**RESPONSE:**

**REQUEST NO. 11:**

Communications between you and any third-party located in, residing within, or conducting business within, or conducting business on behalf of any resident of, the United States.

**RESPONSE:**

**REQUEST NO. 12:**

Print advertisements which promote or otherwise reference AXIA Coin or the AXIA Project in any magazine, newspaper, newsletter, journal, circular, or other periodical or printed publication, which are available in the United States, and any criteria used to determine the placement or audience of those print advertisements.

**RESPONSE:**

**REQUEST NO. 13:**

**PLAINTIFFS' JURISDICITONAL DISCOVERY**                    **PAGE - 19**

Digital advertisements which promote or otherwise reference AXIA Coin or the AXIA Project with any online or digital forum, including but not limited to online versions of press releases, blogs, social media, magazines, newspapers, newsletters, journals, circulars, or other periodicals or digital publication, as well as all websites, which are available in the United States, and any criteria used to determine the placement or audience of those digital advertisements.

**RESPONSE:**


**REQUEST NO. 14:**

Press releases, newsletters, solicitations, or other communications sent by You or a Related Entity to any resident of the United States discussing, promoting, relating to, or otherwise regarding AXIA Coin or the AXIA Project.

**RESPONSE:**


**REQUEST NO. 15:**

Documents reflecting, relating to, regarding, or arising out of any communications or other discussions between you and any third party located or residing within the United States.

**RESPONSE:**


**REQUEST NO. 16:**


**PLAINTIFFS' JURISDICITONAL DISCOVERY**                    **PAGE - 20**

Documents that refer to, reflect, or otherwise relate to any occasion in which You or a Related Entity have been physically present in the United States in connection with business associated with AXIA Coin or the AXIA Project.

**RESPONSE:**

**REQUEST NO. 17:**

Documents and Communications concerning any business visit by You (including any officer, director, employee, partner, corporate parent, subsidiary, affiliate, expert, agent, or person acting on Your behalf) or any Related Entity (including any officer, director, employee, partner, corporate parent, subsidiary, affiliate, expert, agent, or person acting on its behalf) to the United States in connection with business associated with AXIA Coin or the AXIA Project.

**RESPONSE:**

**REQUEST NO. 18:**

Documents sufficient to identify all of the Global Contributors, their job titles, and their responsibilities for You or any Related Entity in connection with the AXIA Project, including any agreements with the Global Contributors.

**RESPONSE:**

**REQUEST NO. 19:**

**PLAINTIFFS' JURISDICITONAL DISCOVERY**                    **PAGE - 21**

Documents sufficient to identify all of the Advisors, their advisory roles, and their contributions to You or any Related Entity in connection with the AXIA Project, including any agreements with the Advisors.

**RESPONSE:**


**REQUEST NO. 20:**

Documents sufficient to identify all of the Project Partners and their role with You or any Related Entity in connection with the AXIA Project, including any agreements with the Project Partners.

**RESPONSE:**


**REQUEST NO. 21:**

Documents sufficient to identify all of the Founders, including any agreements with the Founders, and (a) the assets they contributed to the AXIA Project; (b) the agreed upon value of the asset contribution to the AXIA Project as described in the Berkower Report; (c) the designated value of the asset contribution to the AXIA Project as described in the Berkower Report; (d) the amount of AXC they were entitled to pursuant to their agreements with You or a Related Entity; (e) the amount of AXC they were issued by You or a Related Entity; (f) the number of AXC Options they were entitled to received; (g) the number of AXC Options they received; (h) the number of AXC they currently own; and the number of AXC Options they are currently entitled to exercise.

**PLAINTIFFS' JURISDICITONAL DISCOVERY**                                     **PAGE - 22**

**RESPONSE:**


**REQUEST NO. 22:**

Documents sufficient to Identify all customers or potential customers, investors or potential investors, Project Partners and Project Insiders, of You or any Related Entity residing in the United States who have registered on Your Website or a Related Entity's Website, and have received email communications from You or the Related Entity regarding AXIA Coin or the AXIA Project.

**RESPONSE:**


**REQUEST NO. 23:**

Communications with You or any Related Entity and those individuals or entities residing in the United States who have requested information from You or a Related Entity through Your Website or a Related Entity's website.

**RESPONSE:**


**REQUEST NO. 24:**

Documents and Communications with those individuals or entities residing in the United States who have acquired AXC from You or a Related Entity through Your Website or the Related Entity's website.

**RESPONSE:**


**PLAINTIFFS' JURISDICITONAL DISCOVERY**                    **PAGE - 23**

**REQUEST NO. 25:**

Documents and Communications with those individuals or entities residing in the United States who have communicated with You or a Related Entity through your social media presence, including but not limited to, Facebook, Twitter, Instagram, Telegram, Discord.

**RESPONSE:**

**REQUEST NO. 26:**

Documents sufficient to identify those individuals or entities residing in the United States who are customers, depositors and/or members of You or any Related Entity, including AXIA Capital Bank.

**RESPONSE:**

**REQUEST NO. 27:**

Documents sufficient to identify the amount of money paid by individuals or entities residing in the United States to You or a Related Entity whether as customers, depositors and/or members of You or any Related Entity, including AXIA Capital Bank, or as investors in or lenders in any capacity to the AXIA Project.

**RESPONSE:**

**REQUEST NO. 28:**

**PLAINTIFFS' JURISDICITONAL DISCOVERY**                    **PAGE - 24**

Documents and Communications with individuals or entities residing in the United States who have downloaded one or more of the mobile software applications found on the App Store or Google Play Store related to the AXIA Project, including but not limited to, the AXIA Capital Bank, AXshield, Axpay, Axpress, Axplorer,  Axchat and Axconnect.

**RESPONSE:**

**REQUEST NO. 29:**

Documents and Communications supporting your answers to the other interrogatories and requests for production in this set to the extent not otherwise requested by Plaintiff's other Requests.

**RESPONSE:**

Respectfully submitted June 5, 2023,

By:*/s Travis W. Koch*
        Travis W. Koch #7-5418
        Koch Law, P.C.
        121 W. Carlson St, Suite 3
        Cheyenne, Wyoming 82009
        307-426-5010
        tkoch@kochlawpc.com
        *Attorney for Plaintiffs*

        Emil Thomas Bayko
        Texas Bar No. 01864500
        tbayko@bpfalawfirm.com

        Christopher M. Faucett
        Texas Bar No. 00795198
        cfaucett@bpfalawfirm.com

**PLAINTIFFS' JURISDICITONAL DISCOVERY**                                    **PAGE - 25**

Matthew John Prebeg
Texas Bar No. 00791465
mprebeg@bpfalawfirm.com

Stephen W. Abbott
Texas Bar No. 00795933
sabbott@bpfalawfirm.com

**BAYKO, PREBEG, FAUCETT & ABBOTT PLLC**
8441 Gulf Freeway, Suite 307
Houston, Texas 77017
Tel: (832) 742-9263
Fax: (832) 742-9261
*Pro Hac Vice*

Thomas C. Goldstein
Eric F. Citron

**GOLDSTEIN & RUSSELL, P.C.**
7475 Wisconsin Avenue
Suite 850
Bethesda, MD  20814
Telephone: (202) 362-0636
Facsimile: (888) 574-2033
*Pro Hac Vice*

**COUNSEL FOR PLAINTIFFS**