

**FILED**

**Margaret Botkins
Clerk of Court**

2:56 pm, 5/8/24

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| AXTRA, LLC, and THE AXIA-AXTRA TRUST, | |
| Plaintiffs, | |
| vs. | Case No.  1:22-CV-00144-SWS |
| AXIA ISSUER, INC., and THE AXIA FOUNDATION, INC., | |
| Defendants. | |

ORDER GRANTING IN PART AND DENYING IN PART
MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

Before the Court is Plaintiff's Motion for Leave to File First [*sic*] Amended Complaint ("Motion"). The Court, having reviewed the Motion, Response in Opposition, the case file, and being otherwise fully advised in this matter, FINDS that the Motion should be GRANTED in part and DENIED in part.

## I.   MOTION PRESENTED

Plaintiffs filed the instant Motion requesting the Court's leave to file a Second Amended Complaint against Axia Issuer, Inc. ["Axia Issuer"]; The Axia Foundation Inc. ["Axia Foundation"]; Axia Capital Ltd. ["Axia Capital"]; Berkower LLC ["Berkower"]; Nick Agar ["Agar"]; Paul Ungerman ["Ungerman"]; Trevor Federkiewicz ["Federkiewicz"]; Know Limits Private Lending, Inc.; and 12 Peers Capital Markets, Ltd. ECF No. 102-1. Plaintiffs' request is pursuant to Federal Rule of Civil Procedure 15; and Plaintiffs attached a redlined version of the proposed Second Amended Complaint pursuant to Local Rule 15.1, allowing the Court to review the modifications from the First Amended Complaint. *Id.*

Plaintiffs state that Agar and Ungerman admitted to violations of various provisions of the Canadian Securities Act that follow the same or similar facts alleged in this case. *See* ECF Nos. 102 at 2, 102-3. Plaintiffs use the new information garnered from the publication of findings of an investigation by the Ontario Securities Commission regarding Agar and Ungerman, and use the information as the main reason for the added Defendants including the additional factual allegations. The Ontario Securities Commission is an agency of the Canadian government similar to the U.S. Securities and Exchange Commission. In the Second Amended Complaint the additional Defendants are: Axia Capital; Agar; Ungerman; Federkiewicz; Know Limits Private Lending, Inc.; and 12 Peers Capital Markets, Ltd. ECF No. 102-1. The Second Amended Complaint also includes former Defendant Berkower. *Id.* Berkower was previously dismissed from this case in two distinct orders from the Honorable Scott Skavdahl. *See* ECF Nos. 87, 94.

Former Defendant Berkower objects to the Motion and the Second Amended Complaint because it includes Berkower as a defendant in the counts previously dismissed by the Court. ECF No. 104; *see also* ECF Nos. 87, 94. Further, the Response in Opposition includes correspondence between counsel stating that Plaintiffs' understanding was "the Court's Order Denying Berkower's Motion for Entry of Partial Final Judgment [meant] that Berkower [wa]s still a defendant in the case." ECF No. 104-1 at 1; *see also* ECF No. 94. The counts against Berkower have not been modified for purposes of including additional information rectifying the failures noted in Judge Skavdahl's order at ECF No. 87.

## II.    STATEMENT OF THE CASE

On Jun 29, 2022, Plaintiffs filed a Complaint against Defendants Axia Issuer and Axia Foundation ["Axia Defendants"]. ECF No. 1. On April 12, 2023, the Court permitted Plaintiffs to

file an Amended Complaint against Defendants Axia Issuer; Axia Foundation; and Berkower[1].
ECF No. 35. Shortly thereafter, Axia Defendants filed a motion to dismiss for lack of jurisdiction.
ECF Nos. 41, 42. Similarly, Berkower filed a motion to dismiss, and subsequently Plaintiffs filed
a motion for leave to conduct jurisdictional and venue discovery. ECF Nos. 48, 49, 50.

The Honorable Scott Skavdahl issued an order denying the three motions and required the
Defendants to file their responsive filings to the Amended Complaint. ECF No. 61. In the order at
ECF No. 61, the Court reviewed Rule 4(k)(2) for the Axia Defendants which allows for the Federal
long-arm statute and jurisdiction over a matter "if the plaintiff can show the exercise of jurisdiction
comports with due process under the Fifth Amendment." *Id.* at 8 (citing to *CGC Holding Co., LLC
v. Huchens*, 974 F.3d 1201, 1208 (10th Cir. 2020); and Fed. R. Civ. P. 4(k)(2)). The Court found
Axia Defendants had contacts within the United States that involved business and facts related to
the allegations in the First Amended Complaint giving rise to specific personal jurisdiction. The
portion of the order addressing Berkower's motion was subsequently revisited in order ECF No.
87.

The Axia Defendants and Berkower filed their Answers respectively at ECF No. 71 and72.
On September 29, 2023, Berkower filed a motion for judgment on the pleadings. ECF No. 75.
Plaintiffs filed their response in opposition at ECF No. 82, and Berkower replied at ECF No. 83.
The Honorable Scott Skavdahl issued an order granting judgment on the pleadings and finding the
Plaintiff was insufficient in their factual pleadings for purposes of the Racketeer Influenced and
Corrupt Organization Act, 18 U.S.C. §§ 1962 to 1968 [RICO] claims. ECF No. 87. The Court
stated that Berkower "establish[ed] an absence of any issue of material fact and [was

---

[1] Although Berkower LLC is in the body of the complaint, the First Amended Complaint failed
to name Berkower LLC in the caption of the case.

entitlement[ed] to [a] judgment as a matter of law." ECF No. 87 at 5-6 (citing *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1228 (10th Cir. 2012)).

In the ECF No. 87 order granting partial judgment and dismissal of the counts against Berkower, the Court found the securities claims were not applicable to Berkower, nor did Berkower have any knowledge of those facts, rather the securities claims were only applied to the Axia Defendants. Second, as to the civil RICO claims, Plaintiffs failed to sufficiently plead a pattern of alleged racketeering activities. ECF No. 87 at 7. As the Court explained, "preparation of a single auditing report does not rise to the level of a pattern of racketeering activity . . . [and] Plaintiff . . . failed to plead any allegations to show there [wa]s a threat of continued racketeering activity." *Id*. at 8 (citing *Sedima v. Imrez Co.* 473 U.S. 479, 496 n.14 (1985)). Further, the Court reasoned, since the substantive RICO claims failed, the §1962(d) conspiracy claim failed as a matter of law. *Id.* at 9 (citing to *Tal v. Hogan*, 453 F.3d 1244, 1270 (10th Circ. 2006) (internal citations omitted)). Furthermore, once the securities claims and RICO claims were dismissed which allowed for the Federal long-arm jurisdiction, there was no longer supplemental personal jurisdiction over Berkower under the common law claims. *Id.* Especially since "[t]here [wa]s no evidence Berkower was even aware that Axtra was a Wyoming entity." *Id.* at 12 (*citing Eighteen Seventy, LP v. Jayson*, 32 F.4th 956, 975-76 (10th Cir. 2022) (finding no personal jurisdiction when defendants were unaware their actions involved Wyoming business connections.)).

Nothing in the Motion or the proposed Second Amended Complaint regarding the "new facts and circumstances" that became recently known to Plaintiffs mentions Berkower specifically. However, Berkower has been reinstated as a Defendant in the Second Amended Complaint without Plaintiff adding anything additional to its pleadings for purposes of bringing Berkower under the systematic fraud requirement in the RICO charges that would provide the Court jurisdiction over

Berkower. *See* ECF Nos. 102-1, 102-2. Nor does Berkower appearing before the Court for the limited purpose of arguing the Court's lack of personal jurisdiction over it, give rise to subsequently allowing the Court to exercise personal jurisdiction over the party.

### III.    LEGAL ANALYSI

#### A.   Amendment to Pleadings

Federal Rule of Civil Procedure 15(a)(2) permits "a party [to] amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. Pro. 15(a)(2). "The Tenth Circuit has adopted a liberal standard when determining whether leave to amend a pleading should be given." *Marathon Oil Permian v. Ozark Royalty Co.*, No 18-cv-548-NF-KHR, 2019 U.S. Dis. LEXIS 241091, at *5 (D. Wyo. Oct. 9, 2019) (citing *Calderon v. Kan. Dep't of Soc. And Rehab. Servs.*, 181 F.3d 1180, 1185-86 (10th Circ. 1999).

"Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (quoting *Frank v. U.S. West*, *Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). Generally, when "[a] proposed amendment is futile [and] the complaint, as amended, would be subject to dismissal," a court may refuse to allow amendment. *Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004) (quoting *Jefferson Cnty. Sch. Dist. No. R-1 v. Moody's Investor's Servs.*, 175 F.3d 848, 859 (10th Cir. 1999)); *Bell v. City of Topeka*, 279 F. App'x 689, 692 (10th Cir. 2008).

Here, the Court reviewed the redlined Second Amended Complaint for purposes of futility of amendment regarding **only** former Defendant Berkower. As previously analyzed by Judge

Skavdahl in the order granting the dismissal of the claims against Berkower [ECF No. 87], there is no personal jurisdiction over Berkower once the RICO claims are dismissed. *See Second Amended Complaint*, ¶19, ¶20. In ¶24, the "two separate occasions, spanning over a year and a half[,]" and the fact Berkower is labeled as one of AXIA's global partners was already addressed by Judge Skavdahl's order. Additionally, the Court also addressed ¶39, detailing Plaintiff's collection of assets being valued by independent auditors and Berkower. *See* ECF No. 87.

### B. Amendment after Judgment

"Once judgment is entered the filing of an amended complaint is not permissible until judgment is set aside or vacated pursuant to Fed. R. Civ. P. 59(e) or 60(b)." *Cooper v. Shumway*, 780 F.2d 27, 29 (10th Cir. 1985); *Feddersen Motors, Inc. v. Ward*, 180 F.2d 519, 523 (10th Cir. 1950). Here, there is only a partial order granting judgment and dismissing a single defendant in a multi-defendant case, therefore, Rule 54(b) applies. When the court grants a partial judgment, without issuing a final judgment, it allows a court the ability to revisit the issue if it so chooses. *Dietz v. Bouldin*, 579 U.S. 40, 46-47 (2016) (citing Fed. R. Civ. P. 54(b) (a district court can revise a partial final judgment order absent certification of finality); *Anixter v. Home-Stake Prod. Co.*, 977 F.2d 1533, 1547-48 (10th Cir. 1992) (district courts should take care by making it clear to all parties that the court retains full power to make modifications to pre-trial orders until it makes one complete adjudication on all aspects of the case).

As explained in the order at ECF No. 94, "the Berkower Order [ECF No. 87] is 'final' for purposes of Rule 54(b) because it disposed of all claims alleged against Berkower." ECF No. 94 at 2; *see also Id*. at 4. Yet, even though it was a final disposition for purposes of Berkower as a Defendant in this case, the Court was unable to conclude that there was "no just reason to delay entry of judgment." *Id*. at 5. To make it perfectly clear, the Court does not consider Berkower a

continued Defendant in this case. The Court issued an order granting the Rule 12(c) motion for judgment on the pleadings as to Counts 2, 3, 4 of the First Amended Complaint for Berkower, and further dismissed Berkower from all other applicable claims in this action for lack of personal jurisdiction. *See* ECF No. 87. The Court granted judgment, and a motion to amend a complaint is not the proper avenue to reinstate the claims against a defendant where no additional factual allegations are added to prove the dismissed claims.

It would be asinine for the Court to allow the Second Amended Complaint to be filed as is, and then subsequently require Berkower to procedurally go through filing a motion for judgment on the pleadings again, wasting everyone's time and money. Berkower "clearly established that no material issue of fact remain[s] to be resolved and . . . [wa]s entitled to judgment as a matter of law." *Sanders v. Mountain Am. Fed. Credit Union*, 689 F.3d 1138, 1141 (10th Cir. 2012) (citations and quotations omitted). Furthermore, Plaintiffs' have not begun to offer any reasoning behind their inclusion of Berkower in the Second Amended Complaint, particularly in light of their lack of reply to Berkower's objection. Further troubling is counsels' communications stating, "our understanding of the Court's Order Denying Berkower's Motion for Entry of Partial Final Judgment [ECF No. 94] is that Berkower is still a defendant in the case." ECF No. 104-1 at 1. That was not what the Court meant with its order at ECF No. 94, rather, the Court clearly stated that the case against Berkower is dismissed, and due to judicial administrative interests, it determined an entry of a partial judgment under 54(b) was not justified strictly for appeal purposes. ECF No. 94 5-6.

## IV.   CONCLUSION

The request to file a Second Amended Complaint is GRANTED in part and DENIED in part. The addition of new parties to the complaint is permitted in light of the new information

garnered and the lack of objection by the Axia Defendants. The additional factual allegations are also permitted in the Second Amended Complaint. The Court recommends counsel read through the Second Amended Complaint to verify any reference to the First Amended Complaint is proper.

To the extent the Second Amended Complaint includes already dismissed claims against former Defendant Berkower, those claims were dismissed. The Court recognizes it did not issue a partial judgment for appeal purposes, but to include Berkower as a defendant without adding additional information rectifying the First Amended Complaint's shortcomings is futile and redundant. The same results would transpire. THEREFORE, the Second Amended Complaint shall not include Berkower as a defendant. As the Court pointed out in the order at ECF No. 87, the proper location for the claims dismissed without prejudice is in the district where there is personal jurisdiction over Berkower.

IT IS SO ORDERED.

Dated this 7th day of May, 2024.


_____
STEPHANIE A. HAMBRICK
UNITED STATES MAGISTRATE JUDGE