FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING
2024 SEP 24 AM 11:59
MARGARET BOTKINS, CLERK
CASPER

**UNITED STATES DISTRICT COURT**
**DISTRICT OF WYOMING**

AXTRA, LLC, and THE AXIA-AXTRA TRUST,

Plaintiffs,

v.

AXIA ISSUER, INC.;
THE AXIA FOUNDATION INC.;
AXIA CAPITAL LTD.;
NICK AGAR;
PAUL UNGERMAN;
TREVOR FEDERKIEWICZ;
KNOW LIMITS PRIVATE LENDING, INC.;
and 12 PEERS CAPITAL MARKETS, LTD.,

Defendants.

Case No. 22-CV-144-SWS

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' EX PARTE MOTION TO PERMIT ALTERNATIVE SERVICE ON NEWLY ADDED DEFENDANTS**

With the Court's leave (ECF 106), Plaintiffs filed a Second Amended Complaint on May 22, 2024 (ECF 107). The Second Amended Complaint added six new defendants, all of whom are either individuals residing in Canada or international corporate entities. Plaintiffs have attempted to ask these new Defendants to waive service of process under Fed. R. Civ. P. 4(d), with limited success. Plaintiffs now ask the Court for leave to serve the non-waiving new Defendants by email and FedEx parcel delivery. (ECF 110.) For the reasons discussed below, the Court will grant the motion in part and deny it in part.

## BACKGROUND

Plaintiffs allege they were duped into investing in a cryptocurrency development and never

received their agreed-upon compensation. With the Court's leave, Plaintiffs recently filed a Second Amended Complaint (SAC). Defendants AXIA Issuer, Inc. and The AXIA Foundation Inc. have been participating in this lawsuit and already answered the SAC. (ECF 109.) Plaintiffs named six new defendants in their SAC:

(1) Nick Agar – a Canadian resident who is allegedly the cofounder, President, and CEO of Defendant AXIA Issuer, Inc., and who exercises or exercised control over other AXIA-related entities. (SAC ¶ 5.)

(2) Paul Ungerman – a Canadian resident who is allegedly the cofounder of the "AXIA Project" and who exercises or exercised control over other AXIA-related entities. (SAC ¶ 6.)

(3) AXIA Capital Ltd. – a Cayman Islands corporate entity allegedly owned and controlled by Defendant Paul Ungerman. (SAC ¶ 7.)

(4) Trevor Federkiewicz – a Canadian resident who is allegedly the President and CEO of Defendant 12 Peers Capital Markets, Ltd., and an officer and/or director of Defendant Know Limits Private Lending, Inc. (SAC ¶ 8.)

(5) 12 Peers Capital Markets, Ltd. (12PCM) – a Cayman Islands corporate entity. (SAC ¶ 9.)

(6) Know Limits Private Lending, Inc. – a Canadian corporation. (SAC ¶ 10.)

Defendant Paul Ungerman has agreed to waive service of process (ECF 110 p. 2 n.1), but none of the other new Defendants have acceded to Plaintiffs' requests to waive service. Plaintiffs' current motion asks for leave to serve the five other new Defendants via alternative means. (ECF 110.)

## DISCUSSION

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural

requirement of service of summons must be satisfied." *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). "[S]ervice of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served." *Id.* (alteration in original) (quoting *Mississippi Publishing Corp. v. Murphree,* 326 U.S. 438, 444–445 (1946)).

Plaintiffs contend it will "unduly burden Plaintiffs if they are required to pursue service through the Hague [Service] Convention." (ECF 110 p. 6.) To be sure, the Hague Service Convention applies to Plaintiffs' service attempts here. *See* Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters [Hague Service Convention], art. 1, Nov. 15, 1965, [1969], 20 U.S.T. 361, 362 ("The present Convention shall apply in all cases, in civil or commercial matters, where there is occasion to transmit a judicial or extrajudicial document for service abroad."). The United States and Canada are both signatories to the Hague Service Convention. *TracFone Wireless, Inc. v. Bitton*, 278 F.R.D. 687, 689 (S.D. Fla. 2012). Additionally, the United Kingdom is a signatory and has extended the application of the Hague Service Convention to its overseas territory, the Cayman Islands. *Richardson v. Att'y Gen. of the Brit. Virgin Islands*, No. CV 2008-144, 2013 WL 4494975, at *10 n.5 (D.V.I. Aug. 20, 2013); *see also Perlman v. Grant Thornton Cayman Islands*, 2024 WL 1406351 at 1 (S.D. Florida February 1, 2024). And where, as here, the Hague Service Convention applies, it must be followed. "[C]ompliance with the Convention is mandatory in all cases to which it applies[.]" *Compania de Inversiones Mercantiles, S.A. v. Grupo Cementos de Chihuahua S.A.B. de C.V.*, 970 F.3d 1269, 1293 (10th Cir. 2020) (alterations in original) (quoting *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 705 (1988)).

**1. <u>Plaintiffs have not provided Defendant Nick Agar sufficient time to waive service.</u>**

On July 16, 2024, Plaintiffs attempted to request Nick Agar waive service of process by emailing him, but they concede they subsequently discovered they sent the waiver request to an incorrect email address. (ECF 110 p. 4.) On July 29, 2024, they sent paper copies of the SAC and a waiver request to Nick Agar via FedEx, but it "was returned as undeliverable." (*Id.* p. 5.) These, of course, constitute insufficient requests for Nick Agar to waive service because Plaintiffs cannot show he received them.

On September 6, 2024, Plaintiffs sent another request for waiver to Nick Agar via email, this one to the correct email address, and received a delivery receipt for it. (*Id.* p. 5.) Plaintiffs' motion suggests this is the first waiver request successfully delivered to Nick Agar. Under Federal Rule of Civil Procedure 4(d)(1)(F), the waiver request must "give the defendant a reasonable time of at least 30 days after the request was sent—**or at least 60 days if sent to the defendant outside any judicial district of the United States**—to return the waiver." Fed. R. Civ. P. 4(d)(1)(F) (emphasis added). Plaintiffs filed the instant motion for alternative service a mere 10 days after first successfully asking Nick Agar to waive, but Plaintiffs must give Nick Agar "at least 60 days" to return the waiver, meaning his waiver return is not due until November 5, 2024, at the earliest. Plaintiffs chose to ask Nick Agar to waive formal service, and now he should receive a sufficient opportunity to do so. Accordingly, Plaintiffs' request to serve Nick Agar via alternative service is premature and denied without prejudice.

**2. <u>Plaintiffs have sufficiently established that serving Defendant Trevor Federkiewicz via email and parcel delivery is warranted and appropriate.</u>**

On June 27, 2024, Plaintiffs emailed Trevor Federkiewicz to request he waive service of process, and a delivery receipt showed the email was delivered and read. (ECF 110 p. 6.) Prior to litigation, Plaintiffs and their attorneys had communicated with Trevor Federkiewicz via email. (*Id.*) However, Trevor Federkiewicz has not responded the email containing the request to waive

service. (*Id.*) Additionally, on July 29, 2024, Plaintiffs sent paper copies of the SAC and the waiver request to Trevor Federkiewicz at his address in Canada via FedEx. (*Id.* p. 7.) Plaintiffs' motion suggests this parcel was delivered but does not identify on what date. (*See id.* ("the same set of documents with the cover letter were sent via FedEx and delivered to Federkiewicz").) Plaintiffs' motion sufficiently establishes Trevor Federkiewicz was given at least 60 days to return a service waiver, as required by Rule 4(d)(1)(F), before Plaintiffs filed the instant motion to serve by alternative means.

Under Rule 4(f), service of process upon an individual in a foreign nation may be accomplished:

> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
> (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
> (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
> (B) as the foreign authority directs in response to a letter rogatory or letter of request; or
> (C) unless prohibited by the foreign country's law, by:
> (i) delivering a copy of the summons and of the complaint to the individual personally; or
> (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or
> (3) by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f).

Plaintiffs specifically seek to serve the new Defendants, including Trevor Federkiewicz, via email and FedEx under Rule 4(f)(3), contending such service is not prohibited by the Hague Service Agreement or other international agreement. "Service under Rule 4(f)(3) has two requirements: (1) it 'must comport with constitutional notions of due process,' and (2) 'must not

be prohibited by international agreement.'" *Hunt v. Aslam*, No. 219CV00275JNPCMR, 2023 WL 3510961, at *1 (D. Utah May 17, 2023) (quoting *Rio Properties, Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002)). This Court and others have previously found that service by email and mail is not prohibited by any international agreements, including the Hague Service Convention. *See Carrillo v. Black Diamond Equip., Ltd.*, No. 23-CV-115-S, 2023 WL 5312089, at *2 (D. Wyo. July 25, 2023); *DP Creations, LLC v. Reborn Baby Mart*, No. 2:21-CV-00574-JNP, 2021 WL 11585915, at *8 (D. Utah Nov. 22, 2021); *Malone v. Highway Star Logistics, Inc.*, No. 08-CV-01534-RPM-KLM, 2009 WL 2139857, at *2 (D. Colo. July 13, 2009).

"While Rule 4(f)(3) does not expressly provide a threshold requirement for granting alternative service, this Court agrees with other districts that it is necessary to prevent parties from arbitrarily seeking alternative service." *Carrillo*, 2023 WL 5312089, at *2. Thus, "[p]rior to granting a motion under Rule 4(f)(3), the court may require that plaintiff show that he made 'reasonable efforts to serve the defendant' and 'that the court's intervention will avoid further unduly burdensome or futile efforts at service.'" *Malone*, 2009 WL 2139857, at *2 (quoting *Studio A Entertainment, Inc. v. Active Distributors, Inc.*, No. 1:06CV2496, 2008 WL 162785 at *3 (N.D. Ill. Jan. 15, 2008)). "Whether to allow alternative methods of service of process under Rule 4(f)(3) is a matter of discretion for the district court." *Id.* (citing *Brookmeyer v. May*, 383 F.3d 798, 805 (9th Cir. 2004)).

Though there is no indication Plaintiffs have attempted to actually serve the new Defendants using traditional service methods, Plaintiffs have shown they made reasonable efforts to request Trevor Federkiewicz waive service of process through email and FedEx. And specifically because Plaintiffs have previously communicated with Trevor Federkiewicz via email

in this case and delivered FedEx documents to his Canadian address,[1] the Court finds that serving him notice of this lawsuit through email and FedEx is "reasonably calculated, under all the circumstances, to apprise [Trevor Federkiewicz] of the pendency of the action and afford [him] an opportunity to present [his] objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950); *see also UM Technologies, Inc. v. Hilts Global (Cayman) Limited*, 2019 WL 1906266 at 1-2 (M.D. Pennsylvania April 3, 2019) (discussing various cases under Rule 4(f)(3) allowing service via email when it is evident that foreign defendant had actual knowledge of lawsuit and previously communicated via email). Therefore, the Court will exercise its discretion and allow Plaintiffs to serve process upon Trevor Federkiewicz via email **and** parcel delivery.

**3. Plaintiffs have sufficiently established that serving Defendant 12PCM via email and parcel delivery through Trevor Federkiewicz is warranted and appropriate, but they have not established the same as to Defendants AXIA Capital Ltd. and Know Limits.**

Where a foreign corporation is to be served outside the United States, as contemplated here, Rule 4(h)(2) allows it to be served "in any manner prescribed by Rule 4(f) for serving an individual." Fed. R. Civ. P. 4(h)(2). Thus, Plaintiffs again seek to serve "by other means not prohibited by international agreement, as the court orders," under Rule 4(f)(3). Plaintiffs specifically seek to serve Defendant AXIA Capital Ltd., a Cayman Islands entity, through Defendant Paul Ungerman (and his lawyer), a Canadian resident who allegedly owns and controls AXIA Capital Ltd. They seek to serve Defendant 12PCM, a Cayman Islands entity, through Defendant Trevor Federkiewicz, a Canadian resident who is allegedly the President and CEO of 12PCM. And they finally seek to serve Defendant Know Limits Private Lending, Inc., a Canadian corporation, through Defendant Trevor Federkiewicz, who is allegedly an officer and/or director

[1] Neither Plaintiffs' motion (ECF 110 at 7) nor the Declaration of Christopher Faucett (110-1 at ¶ 10) identify the address (beyond simply stating "via FedEx and delivered to Federkiewicz at his address in Canada") to which the Federkiewicz FedEx was alleged to be delivered.

of Know Limits.

Plaintiffs have sent requests to Paul Ungerman and Trevor Federkiewicz asking them to waive service on behalf of the respective corporate entities. Paul Ungerman has refused to waive service on behalf of AXIA Capital Ltd. Trevor Federkiewicz has not responded to the requests to waive service on behalf of 12PCM and Know Limits. Accordingly, Plaintiffs want to serve these entities via email and regular mail to the individuals.

Rule 4 does not provide for serving a foreign corporate entity through an officer or manager of the entity outside the United States in the same way that it allows such service on a corporate officer or manager within the United States. *See* Fed. R. Civ. P. 4(h) (allowing for service upon a corporation through a corporate officer or managing agent "in a judicial district of the United States," but not providing for the same form of service through an officer or manager outside the United States). However, *specific to the circumstances in this case*, the Court applies similar logic and reasoning in concluding that providing process to an officer of the corporate entity via email **and** parcel delivery is reasonably calculated to apprise the corporate entity of the lawsuit.

Using that standard, Plaintiffs have shown that alternative service on 12PCM via email and parcel delivery to Trevor Federkiewicz, alleged to be the CEO and President of 12PCM, is appropriate and reasonably likely to apprise 12PCM of this action to enable it to participate.

However, Plaintiffs have not shown the same as to AXIA Capital Ltd. and Know Limits. Specifically, Plaintiffs have asserted AXIA Capital Ltd. is "owned and controlled by" Paul Ungerman. This rather vague assertion does not allege or explain that Paul Ungerman is a corporate officer of AXIA Capital Ltd. Likewise, the assertion that Trevor Federkiewicz is "an officer and/or director" of Know Limits is too imprecise for the Court to conclude that Trevor Federkiewicz likely is a corporate officer of Know Limits. And more precise information appears

reasonably available to Plaintiffs. For example, the Cayman Islands maintains a searchable online "General Registry" of its companies, where AXIA Capital Ltd. is identified and where more in-depth information about the company can be obtained for a moderate fee.[2] And Canada maintains a searchable online "Business Registries[3]," which in this case provides basic information about Know Limits Private Lending Inc. and directs the user to the Alberta Corporate Registry for the complete business profile, where the user can engage the services of an Alberta registry agent to search the Alberta business registration[4].

In short, while the Court will allow service of process on an officer of the corporate entity via email **and** parcel delivery in this case to constitute service upon the corporate entity, Plaintiffs have not sufficiently shown that Paul Ungerman is a corporate officer of AXIA Capital Ltd. or that Trevor Federkiewicz is a corporate officer of Know Limits. The Plaintiffs' current request for alternative service on these entities will therefore be denied without prejudice.

## CONCLUSION AND ORDER

Plaintiffs' request to use alternative service means will be granted as to Defendants Trevor Federkiewicz and 12PCM. As to the remaining new Defendants, the request for alternative service will be denied without prejudice for the reasons stated above.

**IT IS THEREFORE ORDERED** that Plaintiffs' Ex Parte Motion to Permit Alternative Service on Defendants (ECF 110) is **GRANTED IN PART AND DENIED IN PART**. Plaintiffs are granted leave to serve Defendants Trevor Federkiewicz and 12 Peers Capital Markets Ltd. using both of the following methods: (a) via email to: **tfed@12pcm.com**, and (b) via FedEx to

---

[2] https://www.ciregistry.ky/online-tools/
[3] https://canadasbusinessregistries.ca/search
[4] https://www.alberta.ca/registry-agents#jumplinks-6

Trevor Federkiewicz's "address in Canada."[5] Such alternative service upon these two Defendants should be accomplished separately (different emails and different parcels) to ensure Trevor Federkiewicz understands he is being sued and 12PCM is also being sued. Plaintiffs' request to use alternative service means upon the remaining new Defendants is denied without prejudice to resubmission.

**IT IS FURTHER ORDERED** that, pursuant to Fed. R. Civ. P. 4(*l*)(2)(B), Plaintiffs shall file satisfactory evidence showing that process was delivered to Federkiewicz and 12PCM as allowed herein.

**DATED:** September 24th, 2024.

Scott W. Skavdahl
United States District Judge

[5] Plaintiffs shall supplement this motion and the record to provide the return or Federal Express receipt for the July 29, 2024 documents "delivered to Federkiewicz at his address in Canada" (ECF 110 at 7) and use that identical address for service here.