FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING
2024 OCT 22 PM 3:34
MARGARET BOTKINS, CLERK
CASPER

**UNITED STATES DISTRICT COURT**
**DISTRICT OF WYOMING**

AXTRA, LLC, and THE AXIA-AXTRA TRUST,

Plaintiffs,

v.

AXIA ISSUER, INC.;
THE AXIA FOUNDATION INC.;
AXIA CAPITAL LTD.;
NICK AGAR;
PAUL UNGERMAN;
TREVOR FEDERKIEWICZ;
KNOW LIMITS PRIVATE LENDING, INC.;
and 12 PEERS CAPITAL MARKETS, LTD.,

Defendants.

Case No. 22-CV-144-SWS

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' RENEWED MOTION TO PERMIT ALTERNATIVE SERVICE UPON AXIA CAPITAL AND KNOW LIMITS PRIVATE LENDING**

Plaintiffs previously requested leave to serve five named defendants via alternative means under Fed. R. Civ. P. 4(f)(3). (ECF 110.) The Court granted in part and denied in part that request, allowing service by alternative means upon two of the named defendants. (ECF 112.) Plaintiffs now renew their request for alternative service upon AXIA Capital Ltd. and Know Limits Private Lending, Inc. while providing additional information addressing the Court's previously identified concerns as to these defendants. (ECF 113, 117.) Having reviewed Plaintiffs' submissions and being otherwise fully advised, the Court will grant the renewed motion as to Know Limits but will continue to deny the request without prejudice as to AXIA Capital.

AXIA Capital and Know Limits are both foreign corporate entities. Where a foreign

corporation is to be served outside the United States, as contemplated here, Rule 4(h)(2) allows it to be served "in any manner prescribed by Rule 4(f) for serving an individual." Fed. R. Civ. P. 4(h)(2). Plaintiffs seek to serve these two foreign corporate defendants "by other means not prohibited by international agreement, as the court orders," under Rule 4(f)(3). Plaintiffs specifically seek to serve AXIA Capital through Paul Ungerman, AXIA Capital's alleged sole director and sole shareholder. (ECF 113 p. 3.) Paul Ungerman is a named defendant in this action who previously waived service in his personal capacity and is represented by counsel. And Plaintiffs seek to serve Know Limits through Trevor Federkiewicz, the alleged sole director and agent for service for Know Limits. Trevor Federkiewicz is also a named defendant in this action, and the Court previously granted leave for Plaintiffs to serve him personally by alternative means. (ECF 112.) "Whether to allow alternative methods of service of process under Rule 4(f)(3) is a matter of discretion for the district court." *Malone v. Highway Star Logistics, Inc.*, No. 08-CV-01534-RPM-KLM, 2009 WL 2139857, at *2 (D. Colo. July 13, 2009) (citing *Brookmeyer v. May*, 383 F.3d 798, 805 (9th Cir. 2004)).

**1. <u>Serving AXIA Capital through Paul Ungerman's Counsel</u>**

AXIA Capital is identified in Plaintiffs' Second Amended Complaint as a Cayman Islands corporate entity, but it no longer appears to be registered in the Cayman Islands but rather in the island nation of Mauritius. (*See* ECF 113-2, 113-4.) In a September 2024 annual return filed in Mauritius, AXIA Capital reported Paul Ungerman is its sole shareholder, but it identifies others as its directors and officers. (ECF 113-4 p. 1.) Plaintiffs ask to serve AXIA Capital through email to Paul Ungerman's attorney. (ECF 113 p. 3.)

The Court previously denied Plaintiffs' request to serve AXIA Capital through Paul Ungerman after finding Plaintiffs had not established that Paul Ungerman was AXIA Capital's

corporate officer or manager. (ECF 112 pp. 8-9.) Rule 4 does not provide for serving a foreign corporate entity through an officer or manager of the entity outside the United States in the same way that it allows such service on a corporate officer or manager within the United States. *See* Fed. R. Civ. P. 4(h) (allowing for service upon a corporation through a corporate officer or managing agent "in a judicial district of the United States," but not providing for the same form of service through an officer or manager outside the United States). However, the Court found this requirement to be an appropriate guardrail and, *specific to the circumstances in this case*, the Court applied similar logic and reasoning in concluding that serving process upon an officer or manager of the corporate entity via email and parcel delivery was reasonably calculated to apprise the corporate entity of the lawsuit. (ECF 112 p. 8.)

But the same shortcoming continues to plague Plaintiffs' request to serve AXIA Capital through Paul Ungerman. The September 2024 corporate filing in Mauritia shows Paul Ungerman is the sole shareholder of AXIA Capital, but it does not show he is a current officer or managing agent. (*See* ECF 113-4.) Plaintiffs show that in February 2022, Paul Ungerman identified himself as a "director/shareholder" of AXIA Capital (ECF 113-3), but that does not establish that he is currently an officer or manager, particularly when the most recent information provided by Plaintiffs establishes only that Paul Ungerman is the sole shareholder of AXIA Capital. Plaintiffs have not convinced the Court that serving a corporation via service upon a shareholder (technically, through the shareholder's personal-capacity attorney in this case since Plaintiffs cannot contact the represented shareholder directly) is reasonably calculated to apprise the corporation of the pending action.

Moreover, following the Court's prior order, Plaintiffs' efforts uncovered a "Registered Office Address" for AXIA Capital in Port Louis, Mauritius. (ECF 113-4 p. 1.) Plaintiffs have not

suggested they ever attempted service upon the "Registered Office Address" for AXIA Capital. (*See* ECF 113, 117.)

> A district court may require the parties "to show that they have reasonably attempted to effectuate service on the defendant(s) and that the circumstances are such that the district court's intervention is necessary." *Export–Import Bank v. Asia Pulp & Paper Co., Ltd.*, No. 03 Civ. 8554, 2005 WL 1123755, at *4 (S.D.N.Y. May 11, 2005) (citation and internal quotation marks omitted). This requirement, although not expressly provided by Rule 4(f)(3), "is necessary in order to prevent parties from whimsically seeking alternate means of service and thereby increasing the workload of *116 the courts." [*Ryan v.] Brunswick*, [No. 02 Civ. 0133E(F)], 2002 WL 1628933, at *2 [(W.D.N.Y. May 31, 2022)].

*Madu, Edozie & Madu, P.C. v. SocketWorks Ltd. Nigeria*, 265 F.R.D. 106, 115–16 (S.D.N.Y. 2010); *see Malone v. Highway Star Logistics, Inc.*, 2009 WL 2139857, at *2 ("Prior to granting a motion under Rule 4(f)(3), the court may require that plaintiff show that he made 'reasonable efforts to serve the defendant' and 'that the court's intervention will avoid further unduly burdensome or futile efforts at service.'") (quoting *Studio A Entertainment, Inc. v. Active Distributors, Inc.*, No. 1:06CV2496, 2008 WL 162785 at *3 (N.D. Ill. Jan. 15, 2008). Plaintiffs have not shown or even suggested any inability or unusual difficulty with serving AXIA Capital at its "Registered Office Address" in Mauritius.

Plaintiffs' instant request to serve Defendant AXIA Capital via email to Defendant Paul Ungerman's attorney is not well taken at this time and will be denied without prejudice. The Court may reconsider the request if Plaintiffs can demonstrate: (1) the futility of serving AXIA Capital through its "Registered Office Address," and (2) how service via email upon Paul Ungerman's personal-capacity attorney is reasonably calculated to apprise AXIA Capital of this proceeding.

**2. <u>Serving Know Limits through Trevor Federkiewicz</u>**

Plaintiffs' additional research following the Court's prior order has paid off as to Know Limits Private Lending. Know Limits is a Canadian corporation, and Plaintiffs ask to effect service

upon Know Limits by email to Defendant Trevor Federkiewicz. Plaintiffs' recent research revealed a Canadian registration wherein Trevor Federkiewicz is identified as the "Primary Agent for Service" for Know Limits. (ECF 113-5 pp. 1-2.) The Court previously granted Plaintiffs leave under Rule 4(f)(3) to serve Trevor Federkiewicz and 12 Peers Capital Markets, Ltd. (a defendant of which Federkiewicz is alleged to be the CEO and President) via email and parcel delivery. (ECF 112 pp. 8-10.) Under the same reasoning as that set out in the prior order (ECF 112) and due to his position as "Primary Agent for Service," the Court will grant Plaintiffs leave to serve Know Limits via email and parcel delivery to Trevor Federkiewicz at the addresses identified in Know Limits' Canadian registration. The Court finds such alternative service is reasonably calculated to apprise Know Limits of this proceeding and does not conflict with the Hague Service Convention.

**IT IS THEREFORE ORDERED** that Plaintiffs' Supplemental Ex Parte Motion to Permit Alternative Service on Defendants and Motion for Reconsideration (ECF 113) and Second Supplemental Ex Parte Motion to Permit Alternative Service on Defendants (ECF 117) are **GRANTED IN PART AND DENIED IN PART**. Plaintiffs are granted leave to serve Defendant Know Limits Private Lending, Inc. through its service agent, Trevor Federkiewicz, using both of the following methods: (a) via email to: **tfed@mac.com**, and (b) via FedEx to 124-52105 Range Road 225, Sherwood Park, Alberta, T8C1C2. Plaintiffs' request to use alternative service means upon Defendant AXIA Capital Ltd. is denied without prejudice to resubmission.

**DATED:** October 22nd, 2024.

Scott W. Skavdahl
United States District Judge